IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| FOREST PRODUCTS INDUSTRIES, INC., )<br>a Missouri Corporation,   )<br>  )<br>  Plaintiff,  )<br>  )<br>  vs.  )<br>  )<br>MALNOVE INCORPORATED, a  )<br>Nebraska Corporation and CONAGRA  )<br>FOODS, INC., a Nebraska Corporation,  )<br>  )<br>  Defendants.  ) | 8:04CV37<br><br>ORDER |

This matter is before the court on the plaintiff's Motion for Leave to Reopen Discovery (Filing No. 54). The plaintiff filed a brief (Filing No. 56) and an index of evidence (Filing No. 55) in support of the motion. The defendant Malnove Incorporated (Malnove) filed a brief in opposition to the motion (Filing No. 57). The defendant Conagra Foods, Inc. (Conagra) also filed a brief in opposition to the motion (Filing No. 58).

## BACKGROUND

The plaintiff is pursuing two claims against the defendants Malnove and Conagra based upon injuries incurred as a result of the alleged interference by Conagra in the contractual relationship between the plaintiff and Malnove. **See** Filing No. 1. In the First Theory of Relief, the plaintiff alleges Conagra tortiously interfered with the plaintiff's contractual relationship with Malnove. *Id.* at 4. In the Second Theory of Relief, the plaintiff alleges Malnove fraudulently induced the plaintiff to terminate the contractual relationship between Malnove and the plaintiff. *Id.* at 4-5.

The deadline for discovery in this case expired March 15, 2005. **See** Filing No. 22. On August 9, 2005, the plaintiff filed the Motion for Leave to Reopen Discovery under consideration here. In such motion, the plaintiff moves the court to reopen the discovery period to pursue discovery of a limited scope for a period of approximately 45 days. The

plaintiff argues it can show good cause for amending the case's progression deadlines, neither defendant will suffer undue harm or prejudice as a result of reopening discovery, and the plaintiff would suffer great inequity if further discovery is not allowed. Both Malnove and Conagra filed briefs opposing the motion, arguing the plaintiff failed to demonstrate good cause sufficient to warrant amending the case's progression deadlines.

## ANALYSIS

Rule 16(b) of the Federal Rules of Civil Procedure provides that case management orders "shall not be modified except upon a showing of good cause and by leave of the [court]." Fed. R. Civ. P. 16(b); **see also *Bradford v. DANA Corp.***, 249 F.3d 807, 809 (8th Cir. 2001) ("As a vehicle designed to streamline the flow of litigation through our crowded dockets, we do not take case management orders lightly, and will enforce them."). Even if a party makes the requisite showing of good cause, whether to grant or deny a motion to extend case management deadlines remains within the court's discretion. ***Id.; Philip v. Ford Motor Co.***, 328 F.3d 1020, 1024 (8th Cir. 2003) ("Once discovery has closed, it is within the district court's discretion whether or not to allow it to be reopened.").

"The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements. 'The existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." ***Bradford***, 249 F.3d at 809 (**quoting *Johnson v. Mammoth Recreations, Inc.***, 975 F.2d 604, 609 (9th Cir. 1992) (finding Rule 16's good cause standard not met where (i) the party's first attorney withdrew because the party "failed to compensate him or heed his legal advice" and (ii) the party failed to timely secure new counsel)). An adverse party does not suffer unfair prejudice because of the burden of conducting further discovery alone. ***Dennis v. Dillard Dep't Stores, Inc.***, 207 F.3d 523, 526 (8th Cir. 2000).

The court finds good cause for reopening discovery in this case to permit the limited discovery described in the instant motion. The plaintiff's current counsel entered his appearance on behalf of the plaintiff on July 14, 2005. **See** Filing No. 49. Less than one month later, without any unnecessary delay, the plaintiff's counsel filed the instant motion.

The plaintiff's current counsel is at least the fifth attorney to represent the plaintiff in this matter. Prior to plaintiff's current counsel's representation, the plaintiff's immediately previous counsel were members of a law firm which disbanded in July of 2005. **See** Filing Nos. 26, 35, 39, 51[1]. The plaintiff's initial counsel in this federal action withdrew because he was appointed a judge of the Douglas County District Court of the State of Nebraska. **See** Filing No. 27. Yet another attorney initiated this cause of action in state court, but such attorney was unable to continue representing the plaintiff because he was suspended from the practice of law. **See** Filing No. 55, Exhibit A ¶ 2.

The plaintiff's counsel testifies via affidavit that no discovery has been conducted in this federal action, and the discovery conducted in the prior state action was not completed. **See** Filing No. 55, Exhibit A ¶ 3. To support the contention that the plaintiff would suffer great inequity and it cannot be adequately and fairly represented without further discovery, the plaintiff's counsel testifies the plaintiff lacks "sufficient information to present its claimed amount of damages to the trier of fact." **See** Filing No. 55, Exhibit A ¶ 5.

The court finds unpersuasive the defendants' arguments opposing the motion. Malnove cites **Trost v. Trek Bicycle Corp.**, 162 F.3d 1004, 1009 (8th Cir. 1998). The court finds the situation in **Trost** distinguishable. In **Trost**, the movant sought to have admitted its own evidence, an expert's opinion, offered out of time. **Id.** at 1008. The United States Court of Appeals for the Eighth Circuit found the adverse party would be prejudiced by an extension of the case management deadline. **Id.** at 1008-09 (finding the movant's failure to comply with the case management order was not "harmless" for purposes of Fed. R. Civ. P. 26(a) because the adverse party had relied upon the movant's failure in moving the court for summary judgment). In the instant case, the movants are seeking the disclosure of information within the knowledge and possession of the parties opposing the motion. Neither defendant identifies any hardship or prejudice resulting from the court's granting the instant motion. **See also Bradford**, 249 F.3d at 809. The extension of the discovery period requires the court continuing the trial date for forty-nine days. Despite this short delay in bringing this case to

---

[1] Attorney Aimee L. Sanderson has yet to file the required notice of withdrawal with the court.

trial, the trial is still scheduled to commence within two years of the plaintiff's filing the complaint in federal court. The degree of any prejudice or hardship resulting from the delay is small in light of the good cause shown.

While it is true the federal courts "do not take case management orders lightly," **Bradford**, 249 F.3d at 809, discovery is an important tool in "render[ing federal ligitation] 'less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent,'" **Averbach v. Rival Mfg. Co.**, 879 F.2d 1196, 1201 (3d Cir. 1989) (**quoting United States v. Procter & Gamble Co.**, 356 U.S. 677, 682 (1958)). Upon consideration and for good cause shown,

**IT IS ORDERED:**

1. The plaintiff's Motion for Leave to Reopen Discovery (Filing No. 54) is granted and limited to the discovery described in such motion at ¶ 6. The Second Amended Final Progression Order (Filing No. 53) is amended as set forth below.

2. **Limited Deposition Deadline.** The plaintiff has to **on or before November 7, 2005**, to conduct the limited discovery described in its Motion for Leave to Reopen Discovery (Filing No. 54) at ¶ 6. All interrogatories, requests for admission and requests for production or inspection allowed by this Order, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

3. **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

> **A.    Deposition Testimony and Discovery - On or before November 14, 2005:** 1) The portions of each

deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer. Such designations and any objections thereto shall also be included in the final pretrial conference order. **See** NECivR 16.2.

**B.     Trial Exhibits - On or before November 14, 2005:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits. The parties shall also designate on the list those exhibits it may offer only if the need arises.

**C.     Waiver of Objections**: Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order. Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

**D.     Filing of Disclosures**: **Disclosures**: The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

4.     **Motions in Limine. Any** motions *in limine* shall be filed not later than **November 21, 2005**.

5.     **The Final Pretrial Conference** with the undersigned magistrate judge is set for **November 28, 2005, at 2:00 p.m.** in chambers, Suite 2271, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The final pretrial conference shall be attended by lead counsel for represented parties. Counsel shall complete prior to the pretrial conference, all items as directed in NECivR 16.2. By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

6. **Trial** is set to commence **at 8:30 a.m. on December 19, 2005,** in Omaha, Nebraska, before the Honorable Joseph F. Bataillon and a jury.

7. **Motions to Alter Dates.** All requests for changes of date settings shall be directed to the undersigned magistrate judge by appropriate motion.

DATED this 20th day of September, 2005.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge